UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA BELYEW, | No. 2:17-cv-1199-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| RONALD W. BRITT, | |
| Defendants. | |

Plaintiff is a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983. She has filed a letter addressed to the Clerk of the Court, asking that all cases assigned to the undersigned be reassigned to another judge "due to a conflict of interest from lawsuits in the past . . . ." ECF No. 7. The court construes the letter as a motion for recusal. So construed, the motion is denied.

Motions for recusal fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice concerning a party, 28 U.S.C. § 455(b)(1). Additionally, recusal is required under § 144 when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . . ." Here, plaintiff does not identify any specific or legitimate grounds for recusal, and her motion must be denied. *See Liteky*

1

*v. United States*, 510 U.S. 540, 555 (1994) (judicial rulings alone almost never constitute a valid basis for a recusal motion based on bias or impartiality); *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (same); *see also United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) (affidavit filed pursuant to § 144 is not legally sufficient where it contains only conclusions and is devoid of specific fact allegations tending to show personal bias stemming from an extrajudicial source).

    Accordingly, IT IS HEREBY ORDERED that plaintiff's July 5, 2017 letter to the Clerk (ECF No. 7), construed as a motion for recusal, is denied.

Dated: July 26, 2017.

                                  EDMUND F. BRENNAN
                                  UNITED STATES MAGISTRATE JUDGE